## THE MABEL.

Circuit Court of Appeals, Second Circuit.
November 4, 1929.

No. 17.

William F. Purdy, of New York City (John E. Purdy, of New York City, on the brief), for appellant.

Bigham, Englar, Jones & Houston, of New York City (Andrew J. McElhinney and Leonard J. Matteson, both of New York City, of counsel), for appellee.

Before L. HAND, SWAN, and MACK, Circuit Judges.

PER CURIAM. The barge Bristol, a few inches over 150 feet in length, was riding at anchor on the Robbins Reef anchorage ground. She had a light aft upon her cabin, 19 feet from the deck, and the District Judge found upon disputed testimony that she had a forward light 22 feet from the deck. This light, if in place, was therefore only three feet higher than the after light, and not 15, as article 11 of the Inland Rules requires. The tug Mabel, with a barge on her port hand, was bound down the bay, and, carelessly running over the anchorage grounds, did not for some reason see the lights of the Bristol till too late to avoid a collision. Her excuse was that the lights of the Standard Oil Company on the shore at Constable Hook, which were in line with the Bristol, blinded her master, and prevented his making out the barge until after the collision. The District Judge found the Mabel solely at fault for the collision, for which she had no excuse, and exonerated the Bristol on the theory that as she had two lights burning as required, the difference in their level could not have contributed to the mishap.

The Mabel's fault is so plain that we do not find it necessary to discuss this feature of the case, for the appellant does not seriously argue that the barge was not upon the anchorage grounds. The only debatable question is whether the Bristol's fault can be said to have contributed. As to this we do not think that we need pass upon whether the forward light was burning, because the tug did not see the after light, which was bright and clear. All that the article requires as to the forward light is that it shall be more than 20 and less than 40 feet above the deck. If the master failed to see the stern light at a height of 19 feet, it seems to us fanciful to suppose that he would have seen a forward light at 22 feet. This the appellant answers by saying that the forward light should have been 15 feet higher than the after light; that is, 34 feet above the deck. Had it been so placed, it would have been above the range of the shore lights, and might have been seen in time. The barge must show that her failure could not have contributed to the collision. The Pennsylvania, 19 Wall. 125, 22 L. Ed. 148; The Sif, 266 F. 166 (C. C. A. 2).

We will not say that a light 34 feet from the deck might not have betrayed the presence of the barge, but the article would have been equally satisfied, if the after light had been placed 7 feet above the deck; that is to say, on top of the cabin, which was about 7 feet high. There placed, it could scarcely have been seen against the shore lights any better than where it was. We say this because it is hardly possible that shore lights at a distance should not have obscured a light at about 10 feet above the water, if they obscured one at 22. All things are indeed possible, but even in applying the doctrine invoked we are limited to the reasonable probabilities.

Had the barge conformed with the article, she could only have set the after light at about that level. The forward mast was 25 feet in height, and any light upon it could not have been higher. All she could have done was to set the after light at between 7 and 10 feet, which would have been an entire compliance. If this would not have disclosed her presence, nothing would, and we have given our reasons for thinking that it would not. Hence we hold that, upon any reasonable understanding of the facts, her violation, whether in the setting of the lights, or even in failing to carry a forward light, did not contribute to the collision. The case falls within The Nugent, 145 F. 31 (C. C. A. 2); The Transfer No. 8, 25 F.(2d) 628 (C. C. A. 2); The Europe, 190 F. 475 (C. C. A. 9); and Le Lion (D. C.) 84 F. 1011.

Decree affirmed.